```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )
    v.                          )    No.  09 C 3030
                                )        (07 CR 632)
ALBERTO ELLIS,                  )
                                )
              Defendant.        )
```

## MEMORANDUM OPINION AND ORDER

This Court's May 26, 2009 memorandum opinion and order ("Opinion") dispatched three of the four grounds that were advanced in the pro se 28 U.S.C. §2255 ("Section 2255") motion by which Alberto Ellis ("Ellis") now seeks to attack the 8 month sentence this Court had imposed following Ellis' blind guilty plea to a single count of an indictment charging him with wire fraud, counterfeiting and check forgery. As for the fourth ground, Opinion at 4-5 held that last year's opinion in Osagiede v. United States, 543 F.3d 399, 408 (7th Cir. 2008) called into play the potential applicability of Strickland v. Washington, 466 U.S. 668 (1984), as to which further input was needed.

That being so, the Opinion ordered Ellis to supplement his motion to identify as a threshold matter "some plausible predicate for his being able to surmount the second Strickland hurdle"--in Strickland's own terms, "a reasonable probability that the outcome of the proceeding would have been different." Ellis has now supplied a response to the Opinion, speculating

"that his being given access to the Jamaican consulate might have led to a more favorable result."

To begin with, Ellis is notified that he must hereafter (as he has not done to this point) serve copies of all of his filings on Assistant U.S. Attorney Lisa Noller and on Ellis' defense counsel Patrick Blegen, Esq.:

> Lisa M. Noller, Esq.
> Assistant United States Attorney
> 219 South Dearborn Street - 5th Floor
> Chicago IL 60604
>
> Patrick W. Blegen, Esq.
> 53 West Jackson Boulevard - Suite 1437
> Chicago IL 60604

This Court has done so with copies of the Opinion, Ellis' current response and this memorandum opinion and order, but from here on out Ellis will be required to comply with his obligations.

As for Ellis' speculation regarding the required Strickland-based showing, any prospect of his having obtained a lesser custodial sentence than the 8 months would seem to approach the vanishing point. Before sentencing the government had filed a Motion for Upward Variance and Sentencing Memorandum, urging not only such an upward variance but also a sentence at the high end of an elevated recommended Sentencing Guideline range. And as Opinion at 5 n.1 reflected:

> In fact, before sentencing this Court had provided the parties with a written notification that it "would think itself remiss if it did not notify the parties, as it does here, that it is giving serious considera-tion to the imposition of an above-Guideline range

custodial sentence on defendant Alberto Ellis," even though the Supreme Court had just recently resolved a split among the Courts of Appeals around the country by confirming that no such prior notice was legally required post-Booker.

Thus Ellis really dodged a bullet when this Court concluded by selecting the 8 month sentence, a period just below the mid-level of the unenhanced Sentencing Guideline recommended range of 6 to 12 months. Nevertheless, to avoid even the possibility of error in connection with Ellis' motion, this Court (1) directs both the government and Ellis' defense counsel to provide written responses to that motion on or before June 25, 2009, also inviting the Jamaican consulate to provide its own input on the subject if possible.[1] Judgment is still reserved as to any possible need (or lack of need) for an evidentiary hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 11, 2009

---

[1] This Court is not transmitting any underlying materials to the consulate. Instead, counsel for the parties are free to communicate with the consulate and to provide it with any relevant materials.

3