```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
   v.                        )    No.  09 C 3030
                             )        (07 CR 632)
ALBERTO ELLIS,               )
                             )
          Defendant.         )

## MEMORANDUM ORDER

In a swift response to this Court's most recent (June 29, 2009) memorandum opinion and order ("Opinion III"), 28 U.S.C. §2255 ("Section 2255") movant Alberto Ellis ("Ellis") has confirmed that he "is actually not having any qualms with his 8 month sentence" and repeats that he "is satisfactorily resolved to his 8 months sentence." Instead Ellis moves that this Court "ignore issues pertaining to his sentence," focusing instead on his immigration status and the possibility of enjoining the initiation of any deportation proceedings.

But given the nature of the Section 2255 remedy and its applicability in situations such as that dealt with in Osagiede v. United States, 543 F.3d 399, 408 (7th Cir. 2008), Ellis has said nothing that would counter what this Court said in Opinion III:

> Both the United States and Ellis' defense counsel have complied with this Court's directive, and the United States' Response to Defendant's Petition appears to demonstrate beyond any question that the second requirement articulated in Strickland v. Washington, 466 U.S. 668 (1984) as a prerequisite to Section 2255

> relief--a showing that there is a reasonable probability that the outcome of Ellis' criminal proceeding would have been different--could not conceivably be satisfied.

Even if Ellis could somehow bring himself within the reach of Section 2255(a)--a doubtful premise in light of his most recent filing--"it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief" (Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts).

Although Rule 4(b) expressly mandates dismissal of a Section 2255 motion if that conclusion is reached on the judge's initial examination of the motion, its principle certainly applies with equal force (perhaps a fortiori) when the court so concludes after having given full scope to both sides' further submissions. Ellis' motion is therefore dismissed, as is this action itself.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 2, 2009

2